UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MILAUDI KARBOAU,<br><br>                      Plaintiff,<br><br>  v.<br><br>LOWELL CLARK, MACHOTTEN, GEORGE WIGGEN, JANSSEN SADLER, LEE JARAMELIO, DALE SHELLY, PORTER, JOSE MONCIVAISE, ERIC SMITH, SNYDER, HAUBIEL, OSMAN KOUNTA, MACRTHER, DE GRAAFT, MCCURDY, PAT LOVE, ALICIA SINGLETON, S. STEVENSON, U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, ERIC H. HOLDER, JANET NAPOLITANO, NEAL KLARK, JAMES BOENING, SAN MEGUEL, MASON, DE LA PAZ, and FUENTES,<br><br>                      Defendants. | No. C12-5045 BHS/KLS<br><br>ORDER DENYING MOTION FOR COUNSEL |

Plaintiff Milaudi Karboau is currently detained at the Northwest Detention Center in Tacoma, Washington. Plaintiff has been granted leave to proceed *in forma pauperis* under separate order. ECF No. 8. Plaintiff's civil rights complaint is presently under review by the undersigned. *See Wong v. Bell,* 642 F.2d 359, 361 (9th Cir. 1981) (court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon

ORDER - 1

which relief may be granted) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)).  Plaintiff has also filed a motion for the appointment of counsel.  ECF No. 6.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test.  *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant

ORDER - 2

issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff states that he is unable to afford counsel, that his current confinement will limit his ability to litigate, that the issues are complex, that his has limited access to a law library and limited knowledge of the law. These are not exceptional circumstances. Plaintiff filed his complaint *pro se* and has demonstrated an ability to articulate his claims *pro se* in a clear fashion understandable to this Court. This is also not a complex case involving complex facts or law.

Finally, Plaintiff presents no evidence to show that he is likely to succeed on the merits of his case. While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant. Concerns regarding investigation, access to legal resources or examination of witnesses are not exceptional factors, but are the type of difficulties encountered by many pro se litigants. Plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for counsel (ECF No. 6) is **DENIED.**

(2) The Clerk shall send a copy of this Order to Plaintiff.

**DATED** this __17th__ day of February, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3