# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

MILAUDI KARBOAU,

        Plaintiff,

v.

LOWELL CLARK, MACHOTTEN, GEORGE WIGGEN, JANSSEN SADLER, LEE JARAMELIO, DALE SHELLY, PORTER, JOSE MONCIVAISE, ERIC SMITH, SNYDER, HAUBIEL, OSMAN KOUNTA, MACRTHER, DE GRAAFT, MCCURDY, PAT LOVE, ALICIA SINGLETON, S. STEVENSON, U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, ERIC H. HOLDER, JANET NAPOLITANO, NEAL KLARK, JAMES BOENING, SAN MEGUEL, MASON, DE LA PAZ, and FUENTES,

        Defendants.

No. C12-5045 BHS/KLS

ORDER TO AMEND OR TO SHOW CAUSE

This action has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), and Local Rules MJR 3 and 4. The case is before the Court for review of the complaint of Milaudi Karboau. Plaintiff is a detainee at the Northwest Detention Center (NWDC), a federal immigration detention facility administered under contract by The GEO

ORDER - 1

Group, Inc.[1] Plaintiff presented to this Court for filing a civil rights complaint under 42 U.S.C § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971). Plaintiff purports to sue several GEO employees in their personal and official capacities; several fellow NWDC detainees, the United States Department of Homeland Security (Homeland Security), the Immigration and Custom Enforcement (ICE), and several ICE employees in their personal and official capacities.

## DISCUSSION

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (*citing* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, s 1357 at 593 (1969)); *see also Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979). The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)). Accordingly, while the Court finds that dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give him an opportunity to file a response.

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.

---

[1] See http://www.thegeogroupinc.com/northamerica.asp?fid=105; http://www.ice.gov/pi/dro/facilities/tacoma.htm.

ORDER - 2

1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

To state a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and its progeny, Plaintiff must allege that (1) a right secured by the Constitution of the United States was violated and (2) the alleged violation was committed by a federal actor. See *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991). 42 U.S.C. § 1983 and *Bivens* actions are identical save for the replacement of a state actor under § 1983 with federal actor under *Bivens*). A *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

**A.    Parties**

To state a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and its progeny, Plaintiff must allege that (1) a right secured by the Constitution of the United States was violated and (2) the alleged violation was committed by a federal actor. See *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991). 42 U.S.C. § 1983 and *Bivens* actions are identical save for the replacement of a state actor under § 1983 with federal actor under *Bivens*).

ORDER - 3

### (1) Homeland Security and ICE

Plaintiff names Homeland Security and ICE as Defendants. However, a *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Plaintiff must name the individual federal actor or actors who violated his constitutional rights.

In addition, to the extent Plaintiff seeks to challenge his detention as unlawful, his sole remedy is a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the United States Supreme Court held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful. *See id*. at 486-87. A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id*. The *Heck* rule also prevents a person from bringing an action that - even if it does not directly challenge the conviction - would imply that the conviction was invalid. The practical importance of this rule is that plaintiffs cannot attack their convictions in a civil rights action for damages; the conviction must have been successfully attacked before the civil rights action for damages is filed.

Although *Heck* was a civil rights action under 42 U.S.C. § 1983, the rationale and conclusion of *Heck* apply in cases brought under *Bivens* as well as § 1983. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). *Heck* is also not limited to just those who have been convicted or sentenced. *Heck* also applies in the pretrial setting and bars claims which necessarily implicate the validity of pending criminal charges. *See Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir.2000). A civil claim for damages which necessarily implicates the validity of pending criminal charges does not accrue until after one has succeeded in the criminal justice realm.

ORDER - 4

Thus, *Heck* may bar Plaintiff's claims because they implicate the validity of pending criminal charges for immigration law violations. Plaintiff's claims for damages in this action will not accrue under *Heck,* unless or until he prevails in his immigration proceedings or he is granted habeas relief pursuant to 28 U.S.C. § 2241. *See Contreras v. Schiltgen,* 122 F.3d 30, 32-33 (9th Cir. 1997) (until plaintiff successfully overturned state conviction, former Immigration and Naturalization Service was entitled to rely on conviction as basis for custody and eventual deportation), *aff'd on add'l grounds Contreras v. Schiltgen,* 151 F.3d 906 (9th Cir. 1998).

**(2)  GEO and ICE Employees**

At pages 22 through 24 of his complaint, Plaintiff lists numerous past and present employees of GEO and ICE (Eric Holder, Janet Napolitano, Neal Klark, Nathalie Asher, James Boening, San Meguel, Eric Lawton, Doe Mason, and De La Paz), whom he purports to sue in their personal and official capacities. ECF No. 5, pp. 22-24. Plaintiff then alleges, collectively, that these individuals were "informed directly and through the available (ICE/GEO communication kytes" about another detainee's verbal abuse of Plaintiff but did nothing to stop the abuse. ECF No. 5, p. 23. This is insufficient to state a cause of action against these federal employees. Plaintiff must state what action each of these individuals took or did not take to violate his constitutional rights, and when this action occurred.

**(3)  Homeland Security and ICE Employees, Official Capacity Claims**

Plaintiff purports to sue various employees of Homeland Security and ICE in their official capacity. However, any civil action against agents or officers of the United States with respect to actions taken in their official capacity is deemed to be against the United States itself. *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("[i]t is well settled that the United States and its employees, sued in their individual capacities, are immune from suit, unless sovereign

ORDER - 5

immunity has been waived"); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458-59, 1460-61 (9th Cir. 1985). Thus to the extent the named defendants are sued in their official capacities, they are not proper parties to this action. Moreover, while the United States is the proper defendant for all acts to be in the agents' official capacities, it is well settled that no court has jurisdiction to award relief against the United States unless such relief is expressly authorized by statute. *United States v. King*, 395 U.S. 1, 4 (1969); *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). As the sovereign, the United States may be sued only to the extent that it has expressly consented to be sued. *Sherwood*, 312 U.S. at 586. A plaintiff who brings an action against the United States must find an express waiver of sovereign immunity that allows his or her action. *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990). When there is no waiver of sovereign immunity, it is appropriate for the court to dismiss the action for lack of subject matter jurisdiction. *Gilbert*, 756 F.2d at 1458.

**(4)  Claims Against Fellow Detainees**

Plaintiff purports to sue fellow detainees Osman Kounta and Doe Fuentes, in their personal and official capacities. As noted above, *Bivens* claims are against *federal* actors – Plaintiff may not pursue a *Bivens* or § 1983 claim against a private citizen in this court.

**B.  Claim of Excessive Force**

Plaintiff claims that on June 1, 2011, Officer Maccarther used excessive force when he grabbed Plaintiff's wrist, twisted it behind Plaintiff's back and handcuffed Plaintiff. ECF No. 5, pp. 14-15. Plaintiff is advised that a Fourth Amendment claim of excessive force is analyzed under the reasonable standard set forth by the Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989). The analysis is objective; whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them. *Id.* at 397. In determining the

ORDER - 6

reasonableness of a seizure effected by non-deadly force, "the nature and quality of the intrusion on the individual's Fourth Amendment interests" should be balanced against "the countervailing governing interests at stake." *Id.* at 396 (internal quotations omitted).

Allegations of painful handcuffing, without offering evidence showing a more permanent injury, are insufficient to support an excessive force claim. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir.2001) (affirming summary judgment dismissal of excessive-force claim because plaintiff did not submit medical records showing she had suffered an actual injury as a result of being handcuffed) (*citing Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir.1990)); *Rodriguez v. Farrell*, 280 F.3d 1341, 1351-53 (11th Cir.2002) (describing non-excessive handcuffing technique as that which "ordinarily would be painful but cause minimal injury").

In addition, where, as here, a federal prisoner seeks damages from privately employed personnel (GEO employees), working at a privately operated federal prison (the NWDC), where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving excessive force issue here), the prisoner must seek a remedy under state tort law. A *Bivens* remedy will not be implied in such a case. *See, Minneci v. Pollard,* --- U.S. ---, 132 S.Ct. 617 (2012).

**C.     Claims Ten and Eleven -- Defendants Marrero and Portero**

Plaintiff alleges that while he was in segregation, Officer Marrero read his legal papers while labeling and inventorying them. Plaintiff also alleges that Officer Marrero scattered his legal papers into several piles and refused to give them to Plaintiff. Plaintiff also alleges that Defendant Portero instructed all segregation officers that Plaintiff was not to be given his legal

ORDER - 7

paperwork in his cell. Plaintiff received his documents ten days later when he left segregation. ECF No. 5, p. 17. Plaintiff has failed to allege how this conduct has violated his constitutional rights.

**D.    Deprivation of Recreation**

Plaintiff alleges that he has been deprived of recreation time for the past 27 months since October 1, 2009. He fails to allege why he has been denied recreation or who has denied him the use of the recreation yard.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff must show cause explaining why this matter should not be dismissed or, alternatively, he may file an amended complaint curing, if possible, the above noted deficiencies. Plaintiff must show cause or file the amended complaint **no later than March 23, 2012.** If Plaintiff files an amended complaint under *Bivens*, the amended complaint shall consist of a **short and plain statement** showing that he is entitled to relief. Plaintiff shall allege with specificity the following:

   (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

   (2) the dates on which the conduct of each Defendant allegedly took place; and

   (3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his

ORDER - 8

complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "Amended Complaint" and contain the same case number as this one.**

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

**DATED** this  17th  day of February, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9