UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MILAUDI KARBOAU,<br><br>                         Plaintiff,<br><br>   v.<br><br>LOWELL CLARK, MACHOTTEN, GEORGE WIGGEN, JANSSEN SADLER, LEE JARAMELIO, DALE SHELLY, PORTER, JOSE MONCIVAISE, ERIC SMITH, SNYDER, HAUBIEL, OSMAN KOUNTA, MACRTHER, DE GRAAFT, MCCURDY, PAT LOVE, ALICIA SINGLETON, S. STEVENSON, U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, ERIC H. HOLDER, JANET NAPOLITANO, NEAL KLARK, JAMES BOENING, SAN MEGUEL, MASON, DE LA PAZ, and FUENTES,<br><br>                         Defendants. | No. C12-5045 BHS/KLS<br><br>**SECOND ORDER TO SHOW CAUSE** |

Before the Court is Plaintiff's Amended Complaint. ECF No. 16. Plaintiff is a detainee at the Northwest Detention Center (NWDC), a federal immigration detention facility administered under contract by The GEO Group, Inc.[1] Plaintiff presented to this Court for filing a civil rights complaint under 42 U.S.C § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971). Plaintiff purports to sue several GEO employees in their personal and official capacities; several fellow NWDC detainees, the United States Department of

---

[1] See http://www.thegeogroupinc.com/northamerica.asp?fid=105; http://www.ice.gov/pi/dro/facilities/tacoma.htm.

SECOND ORDER TO SHOW CAUSE - 1

Homeland Security (Homeland Security), the Immigration and Custom Enforcement (ICE), and several ICE employees in their personal and official capacities.

By Order dated February 17, 2012, Plaintiff was ordered to show cause why this matter should not be dismissed or, alternatively to file an amended complaint curing the deficiencies outlined in the Court's order. ECF No. 10. Plaintiff was given a deadline to amend or show cause by March 23, 2012. *Id.* On March 22, 2012, Plaintiff filed a motion for extension of time requesting a 60 day extension. ECF No. 12. He stated he needed additional time as he is also working on pending immigration deportation proceedings and is awaiting legal materials pertinent to his case from the American Bar Association. *Id.* The Court granted him an extension until May 22, 2012. ECF No. 13.

On May 22, 2012, Plaintiff requested another 90 day extension of time to respond to the Court's Order. ECF No. 14. Plaintiff states that he is no longer in custody, is physically disabled, is homeless, and was without his documents for two weeks. ECF No. 14. The Court granted Plaintiff another extension, until July 6, 2012, to show cause or to file an amended complaint in this matter. ECF No. 15.

On July 14, 2012, after the deadline had passed, Plaintiff filed an Amended Complaint. ECF No. 16. The Amended Complaint is also deficient. The Court will give Plaintiff one more opportunity to amend. He will be given no extensions of time to do so. If he fails to cure the deficiencies noted herein or fails to submit an amended complaint within the deadline, the Court will recommend that all or portions of his Amended Complaint be dismissed for failure to state a claim upon which relief may be granted.

## DISCUSSION

The Court "may act on its own initiative to note the inadequacy of a complaint and

SECOND ORDER TO SHOW CAUSE - 2

dismiss it for failure to state a claim" upon which relief may be granted. *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (*citing* 5 C.WRIGHT & A.MILLER, FEDERAL PRACTICE AND PROCEDURE, s 1357 at 593 (1969)); *see also Sparling v. Hoffman Construction Co. Inc*., 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc*., 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979). The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)). Accordingly, while the Court finds that dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give him an opportunity to file a response.

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

To state a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and its progeny, Plaintiff must allege that (1) a right secured by the

SECOND ORDER TO SHOW CAUSE - 3

Constitution of the United States was violated and (2) the alleged violation was committed by a federal actor.  See *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991).  42 U.S.C. § 1983 and *Bivens* actions are identical save for the replacement of a state actor under § 1983 with federal actor under *Bivens*).  A *Bivens* claim is not available against a federal agency.  *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

**A.     Parties**

To state a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and its progeny, Plaintiff must allege that (1) a right secured by the Constitution of the United States was violated and (2) the alleged violation was committed by a federal actor. See *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991).  42 U.S.C. § 1983 and *Bivens* actions are identical save for the replacement of a state actor under § 1983 with federal actor under *Bivens*).

**(1)     Homeland Security and ICE**

Plaintiff names Homeland Security and ICE as Defendants.  He was previously advised that a *Bivens* claim is not available against a federal agency.  *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).  Despite this, Plaintiff again named these federal agencies in his Amended Complaint and provides no basis, in law or in fact, for their inclusion.  Plaintiff must explain why he should be allowed to proceed against Homeland Security and ICE in this lawsuit despite federal law to the contrary.

**(2)     GEO and ICE Employees**

At page 24 of his Amended Complaint, lists numerous past and present employees of GEO and ICE (Eric Holder, Janet Napolitano, Neal Klark, Nathalie Asher, James Boening, San Meguel, Eric Lawton, Doe Mason, and De La Paz), whom he purports to sue in

SECOND ORDER TO SHOW CAUSE - 4

their personal capacities. ECF No. 16, at 1, 24. He alleges generally that he informed these individuals that he was verbally attacked by a fellow inmate, and that they did nothing. Plaintiff was previously advised that he must state what action each of these individuals took or did not take to violate his constitutional rights, and when this action occurred. He has failed to amend his complaint to include any factually specific allegations.

### (3) Claims Against Fellow Detainees

Plaintiff purports to sue fellow detainees Osman Kounta and Doe Fuentes, in their personal and official capacities. As noted above, *Bivens* claims are against *federal* actors – Plaintiff was previously advised that he may not pursue a *Bivens* or § 1983 claim against a private citizen in this Court. However, he has again included claims against Osman Kounta and Doe Fuentes. Plaintiff provides no basis in law or in fact for including these claims. Plaintiff must explain why he should be allowed to proceed against a fellow detainee in this lawsuit despite federal law to the contrary.

## B. Claim Eight - Excessive Force Against Macarther

Plaintiff claims that on June 1, 2011, Officer Macarther used excessive force when he grabbed Plaintiff's wrist, twisted it behind Plaintiff's back and handcuffed Plaintiff. ECF No. 16, at 16-17. Plaintiff was previously advised that where a federal prisoner seeks damages from privately employed personnel (GEO employees), working at a privately operated federal prison (the NWDC), where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving excessive force issue here), the prisoner must seek a remedy under state tort law. A *Bivens* remedy will not be implied in such a case. *See, Minneci v. Pollard,* --- U.S. ---, 132 S.Ct. 617 (2012).

SECOND ORDER TO SHOW CAUSE - 5

Even though Plaintiff was advised that he must seek a remedy under state tort law, he again seeks to plead a claim of excessive force against Officer Maccarther. Plaintiff must explain to this Court why he should be allowed to proceed on such a claim despite federal law to the contrary.

### C.	Claim Nine -- Defendants Marrero and Portero

Plaintiff alleges that while he was in segregation, Officer Marrero read his legal papers while labeling and inventorying them. Plaintiff also alleges that Officer Marrero scattered his legal papers into several piles and refused to give them to Plaintiff. Plaintiff also alleges that Defendant Portero instructed all segregation officers that Plaintiff was not to be given his legal paperwork in his cell. Plaintiff received his documents ten days later when he left segregation. ECF No. 16, p. 17.

To state a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and its progeny, Plaintiff must allege that (1) a right secured by the Constitution of the United States was violated and (2) the alleged violation was committed by a federal actor. See *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991). Plaintiff was previously advised that with regard to this claim, he has failed to allege how this conducted violated his constitutional rights. In his Amended Complaint, he still fails to allege any violation of a right secured by the Constitution. He must do so, or this claim will be dismissed.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff must show cause explaining why this matter should not be dismissed or, alternatively, he may file an amended complaint curing, if possible, the above noted deficiencies. Plaintiff must show cause or file the amended complaint **no later than August 31, 2012.** If Plaintiff files an amended complaint under *Bivens*, the amended complaint shall consist of a **short and plain**

SECOND ORDER TO SHOW CAUSE - 6

**statement** showing that he is entitled to relief. Plaintiff shall allege with specificity the following:

    (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

    (2) the dates on which the conduct of each Defendant allegedly took place; and

    (3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "Amended Complaint" and contain the same case number as this one.**

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

    **DATED** this  31st  day of July, 2012.

                                                         Karen L. Strombom
                                                         United States Magistrate Judge

SECOND ORDER TO SHOW CAUSE - 7