UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MILAUDI KARBOAU,<br><br>                      Plaintiff,<br><br>   v.<br><br>LOWELL CLARK, MACHOTTEN, GEORGE WIGGEN, JANSSEN SADLER, LEE JARAMELIO, DALE SHELLY, PORTER, JOSE MONCIVAISE, ERIC SMITH, SNYDER, HAUBIEL, OSMAN KOUNTA, MACRTHER, DE GRAAFT, MCCURDY, PAT LOVE, ALICIA SINGLETON, S. STEVENSON, U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, ERIC H. HOLDER, JANET NAPOLITANO, NEAL KLARK, JAMES BOENING, SAN MEGUEL, MASON, DE LA PAZ, and FUENTES,<br><br>                      Defendants. | No. C12-5045 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  October 26, 2012** |

Plaintiff is a detainee at the Northwest Detention Center (NWDC), a federal immigration detention facility administered under contract by The GEO Group, Inc.[1]  Plaintiff has been given two opportunities to cure several defects in his complaint.  He has failed to do so.  The undersigned recommends that his First Amended Complaint be dismissed without prejudice, but that Plaintiff be granted leave to file an amended complaint only as to those claims specifically identified herein.

---

[1] See http://www.thegeogroupinc.com/northamerica.asp?fid=105; http://www.ice.gov/pi/dro/facilities/tacoma.htm.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Plaintiff presented to this Court for filing a civil rights complaint under 42 U.S.C § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971). Plaintiff purports to sue several GEO employees in their personal and official capacities; several fellow NWDC detainees, the United States Department of Homeland Security (Homeland Security), the Immigration and Custom Enforcement (ICE), and several ICE employees in their personal and official capacities.

By Order dated February 17, 2012, Plaintiff was ordered to show cause why this matter should not be dismissed or, alternatively to file an amended complaint curing the deficiencies outlined in the Court's order. ECF No. 10. Plaintiff was given a deadline to amend or show cause by March 23, 2012. *Id.* On March 22, 2012, Plaintiff filed a motion for extension of time requesting a 60 day extension. ECF No. 12. He stated he needed additional time as he is also working on pending immigration deportation proceedings and is awaiting legal materials pertinent to his case from the American Bar Association. *Id.* The Court granted him an extension until May 22, 2012. ECF No. 13.

On May 22, 2012, Plaintiff requested another 90 day extension of time to respond to the Court's Order. ECF No. 14. Plaintiff states that he is no longer in custody, is physically disabled, is homeless, and was without his documents for two weeks. ECF No. 14. The Court granted Plaintiff another extension, until July 6, 2012, to show cause or to file an amended complaint in this matter. ECF No. 15.

On July 14, 2012, after the deadline had passed, Plaintiff filed an Amended Complaint. ECF No. 16. The Amended Complaint was also deficient. However, the Court gave Plaintiff yet another opportunity to submit an amended complaint. Plaintiff timely submitted a First

REPORT AND RECOMMENDATION - 2

Amended Complaint. He failed to cure any of the deficiencies noted by the Court. For this reason, the undersigned recommends that his First Amended Complaint be dismissed without prejudice.

Plaintiff has arguably stated some viable § 1983 claims against GEO personnel. Those claims are discussed in more detail herein. The Court may wish to grant Plaintiff leave to submit an amended complaint as to those claims only.

## DISCUSSION

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (*citing* 5 C.WRIGHT & A.MILLER, FEDERAL PRACTICE AND PROCEDURE, s 1357 at 593 (1969)); *see also Sparling v. Hoffman Construction Co. Inc*., 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc*., 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979). The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint

REPORT AND RECOMMENDATION - 3

are true." See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Under 42 U.S.C. § 1983, individuals acting under color of state law are liable for deprivations of any right or privileges secured by the Constitution and federal laws. "Federal officers acting under federal authority are immune from suit under § 1983 unless the state or its agents significantly participated in the challenged activity." *Gibson v. United States,* 781 F.2d 1334, 1343 (9th Cir. 1986).

*Bivens* actions are the judicially crafted counterparts to § 1983. *Bivens* actions enable victims to sue individual federal officers for damages resulting from violations of Constitutional rights. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). To prevail on a *Bivens* claim, a plaintiff must show (1) they were deprived of a right secured by the Constitution, and (2) the defendant acted under color of federal law. *Morgan v. United States,* 323 F.3d 776, 780 (9th Cir. 2003). A *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

The *Westfall* Act provides that a claim against the United States under the Federal Tort Claim Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA) is the "exclusive" remedy for plaintiffs seeking to recover damages for the "negligent or wrongful act or omission of any employee of the Government … acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The FTCA bars claimants from bringing suit in federal court until they have exhausted administrative remedies. *McNeil v. United States,* 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); 28 U.S.C. § 2675(a). Plaintiffs suing federal employees for tort

REPORT AND RECOMMENDATION - 4

violations may have their case dismissed if they have not taken their claim to the appropriate federal agency.

A.    **Parties Generally**

   (1)    **Homeland Security and ICE**

Plaintiff names Homeland Security and ICE as Defendants in the caption of his First Amended Complaint. He was previously advised that a *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. at 486. Despite being twice advised that he cannot sue these entities, Plaintiff has again named these federal agencies in his Amended Complaint and provides no basis, in law or in fact, for their inclusion. His claims against these entities must be dismissed.

   (2)    **Claims Against Fellow Detainees**

Plaintiff purports to sue fellow detainees Osman Kounta and Doe Fuentes, in their personal and official capacities. As noted above, *Bivens* claims are against *federal* actors and Section 1983 claims are against persons acting under color of state law. Plaintiff was previously advised that he may not pursue a *Bivens* or § 1983 claim against a private citizen in this Court. However, he has again included Osman Kounta and Doe Fuentes in the caption of his First Amended Complaint. Plaintiff provides no basis in law or in fact for including these individuals as defendants. Any claims against these individuals must be dismissed.

B.    **Claims One, Two, Three, and Five (Retaliation, Due Process, Access to Courts) GEO Defendants Moncivaise, Shelly, Sadler, and Salere**

In these claims, Plaintiff alleges generally that Defendant Moncivaise retaliated against him by wrongfully infracting him and denying him access to courts.[2] In the infraction hearing

---

[2] The Court has found no authority extending the holding in *Minneci v. Pollard,* --- U.S. ---, 132 S.Ct. 617 (2012) beyond Eighth Amendment claims. **See** discussion in Paragraph F below relating to Plaintiff's Eighth Amendment excessive force claims against GEO Defendants. It remains unclear whether Plaintiff's First and Fourteen

REPORT AND RECOMMENDATION - 5

that followed on January 13, 2010, Plaintiff alleges that Defendants Shelly, Sadler, and Salere denied him due process by refusing to allow him to call witnesses. ECF No. 19, pp. 6-8. He also claims that he was denied due process at another infraction hearing where he was denied witnesses and was wrongfully placed in segregation in or around September and October 2010. *Id.*, pp. 8 and 9.

Accepting the foregoing factual allegations as true, the undersigned concludes that while Plaintiff's pleading on these claims is presently deficient, he may be able to state a plausible claim of retaliation, denial of access to courts, and/or denial of due process and therefore, recommends that he be given one more opportunity to submit an amended complaint. In that regard, he should be advised of the following.

    a)    **Claim One - First Amendment Retaliation**

In Claim One, Plaintiff alleges that Defendant Moncivaise infracted him in retaliation and harassment. ECF No. 19, pp. 6-7. With respect to civil detainees, "a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that [inmate's] protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate [government] goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir.2005); see also *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir.2003); *Vignolo v. Miller*, 120 F.3d 1075, 1077-78 (9th Cir.1997); *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir.1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir.1995); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir.1995); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam). A

---

Amendment claims are the type that fall within the scope of traditional tort law. See *Minneci,* 312 S.Ct. at 626 ("[W]e can decide whether to imply a *Bivens* action in a case where an Eighth Amendment claim or state law differs significantly from those at issue here when and if such a case arises. The possibility of such a different future case does not provide sufficient grounds for reaching a different conclusion here.").

REPORT AND RECOMMENDATION - 6

plaintiff must submit evidence to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Compare *Pratt*, 65 F.3d at 807 (finding insufficient evidence) with *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir.1989) (finding sufficient evidence).

Plaintiff alleges only that Defendant Moncivaise's conduct was retaliatory. This is a legal conclusion. He must plead facts describing what constitutionally protected conduct he (Plaintiff) was engaged in at the time that caused Defendant Moncivaise to retaliate against him. He must also plead facts describing how the retaliation has chilled his First Amendment activities and how Defendant Moncivaise's conduct did not reasonably advance a legitimate goal.

    **b)**    **Claims Two, Three, and Five (Due Process Violations)**

As a person detained for deportation, Plaintiff's due process rights are treated as the equivalent of a pretrial detainee's rights. *See Edwards v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000). "Pretrial detainees may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule." *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir.1996). "The elements of due process in a prison disciplinary hearing have long been established by *Wolff v. McDonnell*, 418 U.S. 539, 94 (1974). *Id*., at 525. "*Wolff* requires that jail authorities allow an inmate who faces disciplinary proceedings and whose liberty interest is threatened to call witnesses in his defense, when permitting him to do so will not be unduly hazardous to institutional safety and correctional concerns." *Id*.

Plaintiff entitles these claims as "denial of witnesses", "wrongful conviction" and "wrongful segregation", but the gist of his claims appears to be that he requested but was denied witnesses at his disciplinary hearings, was found guilty, and was placed in segregation. Thus, it

REPORT AND RECOMMENDATION - 7

is recommended that he should be allowed to amend his complaint to proceed with these claims against the individual GEO Defendants.

### c) Claim Two - Access to Courts

Plaintiff includes in Claim Two an allegation that Defendant Moncivaise's retaliatory infractions denied him access to courts. ECF No. 19, p. 17. This allegation alone is not sufficient to plead an access to courts claim.

Prisoners, including pretrial detainees, "have a constitutional right of access to the courts," *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); accord *Lewis v. Casey*, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), grounded, as relevant to prisoners, in the constitutional guarantees of equal protection and due process, see, e.g., *Murray v. Giarratano*, 492 U.S. 1, 11 n. 6, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989) ("The prisoner's right of access has been described as a consequence of the right to due process of law, and as an aspect of equal protection." (internal citations omitted)); see also *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (observing that, in various civil and criminal cases, the Supreme Court has grounded the right of access to the courts in the Privileges and Immunities Clause of Article IV, the Petition Clause of the First Amendment, the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Equal Protection Clause of the Fourteenth Amendment).

The Supreme Court explained in *Bounds* that this right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. But the Supreme Court has likewise instructed that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351, 116

REPORT AND RECOMMENDATION - 8

S.Ct. 2174, 135 L.Ed.2d 606.  Instead, "[t]he right that *Bounds* acknowledged was the (already well-established) right of access to the courts," *Lewis*, 518 U.S. at 350, 116 S.Ct. 2174, 135 L.Ed.2d 606; see also *id*. at 351, 518 U.S. 343, 116 S.Ct. 2174 ("'[M]eaningful access to the courts is the touchstone.'" (quoting *Bounds*, 430 U.S. at 823, 97 S.Ct. 1491, 52 L.Ed.2d 72)). The point is to provide prisoners with the tools they "need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606; see also *Bounds*, 430 U.S. at 825 (stating that the relevant inquiry is whether the inmate has "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts").

An inmate alleging a denial of his right of access to the courts must show actual injury, and "an inmate cannot establish relevant actual injury simply by establishing the prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).  In the Ninth Circuit, a prisoner, or as in this case, a detainee, alleging that he was denied his constitutional right of access to the courts due to inadequate access to library facilities must show two things: (1) he must demonstrate that his ability to access the library was so limited that it was unreasonable; and (2) he must establish that this limited access caused him actual injury.  *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir.1994).  An "actual injury" is "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Lewis*, 518 U.S. at 348.

Thus, Plaintiff must allege not only that his ability to access the library and/or the mail and/or the copier, was so limited that it was unreasonable, but that he suffered an actual injury;

REPORT AND RECOMMENDATION - 9

for example, he was unable to meet a court ordered deadline. Accordingly, it is recommended that Plaintiff be granted leave to amend his complaint with regard to the foregoing claims only.

### C.  Claim Four - Defendant Wiggen

On Page 8 of his First Amended Complaint, Plaintiff alleges that Defendant Wiggen "affirmed the hearing officer's decision without opinion." ECF No. 19, p. 8. Plaintiff does not allege how affirming an officer's decision "without opinion" violates the federal constitution. Because Plaintiff has failed to allege sufficient facts to state a plausible constitutional violation, this claim should be dismissed.

### D.  Claims Six, Seven, Twelve and Thirteen (Equal Protection) GEO Defendants Snyder and Jaramillo

Plaintiff alleges that Defendants Synder and Jaramillo failed to provide him with a box and lock to secure his personal belongings. ECF No. 19, pp. 9, 10, 14. He claims that this violated his right to equal protection. Plaintiff fails to state an equal protection claim because he does not allege facts establishing an intent or purpose to discriminate against him based upon his membership in a protected class. See *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).

In Claim Seven, Plaintiff again states that Defendant Jaramillo violated his right to equal protection by not providing him with a box and lock. Here he also claims that he was wrongfully infracted and placed into segregation after entering into a disagreement with Defendant Jaramillo and that Defendant Shelly first found him not guilty, but then changed his mind and found him guilty and rescheduled a hearing. However, it is not clear from Plaintiff's pleading what constitutional violation he is complaining of as to which Defendant because the paragraph ends in the middle of a sentence. *Id.*, p. 10. To the extent that these allegations are meant to be part of Plaintiff's equal protection claim, Plaintiff has failed to state a claim. To the extent Plaintiff is

REPORT AND RECOMMENDATION - 10

attempting to state a separate constitutional violation, he has likewise failed to plead facts sufficient to state a claim. To the extent that Plaintiff is attempting to state a claim of retaliation, he has also failed to do so. However, he should be granted leave to amend this claim to further explain what he was attempting to plead here. If he meant to plead a claim of retaliation, he is reminded that such a claim requires five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that [inmate's] protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate [government] goal." *Rhodes,* 408 F.3d at 567-68.

E.  **Claim Eight (Wrongful Conviction) GEO Defendant Smith**

Plaintiff claims that on October 19, 2010, Defendant Eric Smith called him in for a "rehearing". Plaintiff states that he refused to have another hearing, but he was found guilty and given time served. On October 23, 2010, Plaintiff appealed Defendant Smith's guilty decision, the warden vacated the decision, and Plaintiff was released after serving ten days in segregation. ECF No. 19, pp. 10-11.

Plaintiff has failed to allege how the foregoing conduct violated his constitutional rights. This claim should be dismissed.

F.  **Claim Nine (Excessive Force) GEO Defendant Macarther; Claims Sixteen, Seventeen, Nineteen, and Twenty (Failure to Protect) GEO Defendants Haubiel, Jaramillo, McCurdy, and DeGraaft**

Plaintiff claims that on June 1, 2011, Officer Macarther used excessive force when he grabbed Plaintiff's wrist, twisted it behind Plaintiff's back and handcuffed Plaintiff. ECF No. 19, pp. 11-12. Plaintiff was previously advised that where a federal prisoner seeks damages from privately employed personnel (GEO employees), working at a privately operated federal prison (the NWDC), where the conduct allegedly amounts to a violation of the Eighth Amendment, and

REPORT AND RECOMMENDATION - 11

where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving excessive force issue here), the prisoner must seek a remedy under state tort law. A *Bivens* remedy will not be implied in such a case. *See, Minneci v. Pollard*, --- U.S. ---, 132 S.Ct. 617 (2012).

This claim must be dismissed. For the same reasons, Plaintiff's claims of "unlawful protection" against GEO Defendants Haubiel, Jaramillo, McCurdy, and DeGraaft (Claims Sixteen, Seventeen, Nineteen, and Twenty) must be dismissed.

**G.     Claims Ten and Eleven (Denial of Access to Legal Documents) GEO Defendants Marrero and Portero**

Plaintiff alleges that while he was in segregation, Officer Marrero read his legal papers while labeling and inventorying them and then scattered the papers into several piles before refusing to give them to Plaintiff. Plaintiff also alleges that Defendant Portero instructed all segregation officers that Plaintiff was not to be given his legal paperwork in his cell. Plaintiff received his documents ten days later when he left segregation.
ECF No. 19, pp. 12-14.

Prisoners have a constitutional right of meaningful access to the courts which requires prison officials to assist inmates in the preparation and filing of their legal materials by providing inmates with access to an adequate law library or adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). Prison regulations that limit the time, place, and manner in which inmates may engage in legal research and preparation of legal papers do not transgress constitutionally protected rights where the regulation does not frustrate access to the courts. *Lindquist v. Idaho Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir.1985). The confiscation of legal materials does not frustrate a prisoner's right of access to courts if replacement copies of the materials can be obtained with little delay. *Dewitt v. Pail*, 366 F.2d

REPORT AND RECOMMENDATION - 12

682, 686 (9th Cir.1966) (confiscation of trial transcript may only minimally frustrate court access if replacement can be obtained easily); *see, also, Vigliotto v. Terry*, 873 F.2d 1201 (9th Cir.1989) (confiscation of ten boxes of legal materials two weeks before appellate briefs due did not constitute a deprivation of access to courts since prison officials held materials for only three days).

Here, Plaintiff has failed to allege how this conduct has violated his constitutional rights. In particular, Plaintiff does not allege how such confiscation has denied him meaningful access to the courts or in fact, that he suffered any injury from the alleged conduct. He alleges that when his papers were returned he "found other documents missing" but he does not identify the missing documents or allege that he took any steps to have those documents returned. Plaintiff alleges that he was inconvenienced by having to sort through his documents after they were returned to him, but he has failed to allege how this conduct violated his constitutional rights. He has been given two opportunities to amend this claim but has failed to state a viable constitutional violation. The claim should be dismissed.

**H.     Claim Fourteen (Fourth and Fifth Amendment) GEO Defendant Shelly**

This claim is duplicative of Claim Five discussed above, which the undersigned is recommending that Plaintiff be allowed to replead. In this paragraph, Plaintiff adds in the title of his claim "Fourth and Fifth Amendments", but provides no factual or legal basis for the addition. Therefore, this claim may be dismissed as being merely duplicative of Claim Five.

**I.     Claim Fifteen (Unlawful Conviction) GEO Defendant Smith**

This claim is duplicative of Claim Eight discussed above and should be dismissed.

REPORT AND RECOMMENDATION - 13

**J.     Claim Eighteen (Failure to Protect) ICE Defendants San Meguel, Mason, De LaPaz, and Boening**

Plaintiff alleges that he contacted Defendant San Meguel, an ICE agent, to complain that a fellow detainee was spreading rumors that Plaintiff is a rapist and child molester. ECF No. 19, p. 17. Plaintiff states that Defendant San Meguel told Plaintiff that it is GEO's responsibility to take care of the issue. When Plaintiff called the DHS hot-line, he was similarly told that the matter was GEO's responsibility. Plaintiff wrote a two page complaint letter to the Hot-Line and sent copies to Defendants San Meguel, Mason, DeLaPaz, and Boening.

Plaintiff has failed to allege how any of the ICE agents named in this claim violated a right secured to him by the Constitution of the United States. Plaintiff has merely alleged that Defendant San Meguel referred him to GEO, the agency that San Meguel apparently thought was responsible for such complaints, and that the other Defendants may have received copies of a complaint letter that Plaintiff sent to the DHS hot-line. This is not sufficient to state a cause of action against these federal employees. This claim should be dismissed.

**K.     Claim Nineteen (Failure to Protect) GEO Defendants McCurdy and Haubiel**

The allegations in this claim are part of the same issue raised in Claim Sixteen discussed above. For the same reasons discussed above, this claim must be dismissed pursuant to *Minneci v. Pollard,* --- U.S. ---, 132 S.Ct. 617 (2012).

**L.     Claim Twenty (Failure to Protect) ICE Defendant Lawton**

Plaintiff purports to sue ICE agent Eric Lawton for failing to protect him from a fellow detainee who assaulted him. However, he alleges only that Defendant Lawton did not report the incident with the Tacoma Police Department and told Plaintiff that neither GEO nor ICE were responsible for pursuing his claim. Plaintiff does not allege that Defendant Lawton did not, in fact, fail to protect him from the assault. Rather, he is alleging that he went to Defendant Lawton

REPORT AND RECOMMENDATION - 14

after the fact and is unhappy that Defendant Lawton would not pursue a criminal and/or state court tort claim against a fellow detainee on his behalf.  It is unclear how this violates a federal constitutional right.  This claim should be dismissed.

**M.     Claims Twenty-Two, Twenty-Three, and Twenty-Four**

These claims are duplicates of claims nine, ten, and eleven discussed above and should be dismissed.

**N.     Claim Twenty-Five (Misclassification) GEO Defendant Singleton**

Plaintiff alleges that GEO Defendant Singleton misclassified him as a Level 3 detainee.  ECF No. 19, pp. 24-26.  Plaintiff alleges that his conviction is not final and that it is not for a violent crime.  *Id.*

Prisoners do not have a constitutional right to a particular classification status.  *Hernandez v. Johnson*, 833 F.2d 1316, 1318 (9th Cir.1987).  Prison officials may subject a pretrial detainee "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution."  *Bell v. Wolfish*, 441 U.S.520, 536-37 (1979).  See also, *Kyei v. Beebe*, 121 Fed.Appx. 689 (9th Cir. 2005)(citing *Bell*, 441 U.S. 539-40 & n. 23) (classification of BCIS detainees as medium security reasonably related to legitimate government purposes of maintaining security and managing an institution).

When determining whether the conditions imposed on a pretrial detainee constitute punishment, [a] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.  Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction]

REPORT AND RECOMMENDATION - 15

may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." *Bell,* 441 U.S. at 539 (citations omitted) (footnote omitted). "Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 547 (citations omitted).

Plaintiff has no liberty interest in his classification status. He does not allege that any regulations at issue are invalid. Although he clearly disagrees with his classification level, he has failed to state how this violates a federal constitutional right. This claim should be dismissed.

**O.      Claim Twenty-Six (Failure to Process Grievance) GEO Defendant Stevenson**

In this claim, Plaintiff states that Defendant Stevenson rejected a grievance that Plaintiff filed against Defendant Singleton and that Defendant Stevenson previously "denied multiple other grievances." ECF No. 19, p. 26.

While there is no constitutional right to file prison grievances, retaliation for using an existing grievance procedure may be classified both as retaliation for exercising the right of free speech protected by the first amendment and the right of access to the courts. See, e.g., *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.1989); *Wolfel v. Bates*, 707 F.2d 932, 933 (6th Cir.1983).

But a denial of access to courts claim is viable only if a plaintiff alleges that inadequacy in the prison's administrative grievance program hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2181, 135 L.Ed.2d 606 (1996). Allegations of mere delay in the prison's processing of grievances is not, in of itself, enough to state such a claim. *See, e.g., Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir.1982) (mere delay in filing papers in court not enough to

REPORT AND RECOMMENDATION - 16

establish actual injury to court access if papers ultimately filed or accepted and considered by court).

If a plaintiff is claiming retaliation for filing the grievance, he must allege (1) that the named defendant or defendants took some adverse action against him because he filed the grievance, (2) that such action chilled the exercise of his First Amendment rights, and (3) that the action did not reasonably advance a legitimate correctional goal.  See, e.g., *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir.2000); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir.1994).

There are no such allegations here.  Plaintiff merely complains that Defendant Stevenson failed to uphold his grievance.  Although the NWDC may have an established grievance procedure, allegations that personnel at NWDC either denied or failed to process grievances properly are not cognizable under Section 1983 and/or *Bivens*.  Plaintiff has no right to have his grievances upheld.  This claim should be dismissed.

**P.      Claim Twenty-Seven (Deprivation of Recreation) "GEO/ICE Defendants"**

Plaintiff alleges that from October 1, 2009 until his release on April 26, 2012, he was denied fresh air, blue sky and sunshine, and exercise equipment.  He sues generally unnamed "GEO/ICE Defendants" collectively and claims that these conditions "affected and worsened [his] health and mind."  ECF No. 19, pp. 26-27.

Plaintiff's claim must be dismissed for a number of reasons.  First, he fails to name any responsible individuals who have caused him constitutional harm.

Second, even if he is able to allege conditions of confinement rising to the level of deliberate indifference sufficient to state an Eighth Amendment claim, any such claim against any GEO Defendant will have to be dismissed pursuant to *Minneci v. Pollard,* --- U.S. ---, 132 S.Ct. 617 (2012).  It is also questionable whether individual personnel at the detention center,

REPORT AND RECOMMENDATION - 17

whether employees of GEO or ICE, would have any control over the conditions complained of by Plaintiff, which appear to a large extent to be part of the prison design.

Finally, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, provides the exclusive remedy for tortious conduct by a United States agency or employee in the scope of his or her employment.  See *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir.1998); *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir.1998).

As in that case, the United States is the only proper defendant and an agency or employee thereof is not amenable to suit under the FTCA.  *See Craft*, 157 F.3d at 706; see also *United States v. Smith*, 499 U.S. 160, 163 (1991) (stating that the FTCA "establishes [ ] absolute immunity for government employees ... by making an FTCA action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment").

For all these reasons, this claim should be dismissed.

**Q.      Claim Twenty-Eight - Official Capacity and Supervisory Employees**

Plaintiff purports to sue federal employees in their official and supervisory capacities.  He cannot do so under *Bivens.*  He also purports to sue GEO defendants in their supervisory capacities but provides no factual allegations to support any such action.  In Claim 28 of his First Amended Complaint, Plaintiff refers to Defendants Clark, Machotten, the "latest and current GEO warden and associate warden, and ICE employees".  ECF No. 19, p. 27.  He alleges generally that these two individuals and various unnamed individuals were "repeatedly informed" of "misconducts by stuff defendants as stated above and did nothing to protect Plaintiff." *Id.*

REPORT AND RECOMMENDATION - 18

*Bivens* created a remedy for violations of constitutional rights committed by federal officials acting in their individual capacities but it did not provide a cause of action against the federal government or its agencies. *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir.2007). Respondeat superior is also inapplicable in a *Bivens* action. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir.1991). Therefore, *Bivens* actions can only be maintained against federal agents in their individual capacities. *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir.1996). Therefore, all official and supervisory capacity claims against the federal officials should be dismissed.

"Supervisors can be held liable [under § 1983] for: (1) their own culpable action or inaction in the training, supervision, or control of subordinates; (2) their acquiescence in the constitutional deprivation of which a complaint is made; or (3) for conduct that showed a reckless or callous indifference to the rights of others." *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir.2000) (citing *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir.1991)); accord *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir.2005). Under § 1983, when the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979). Plaintiff was twice advised that he must state what action each named individual took or did not take to violate his constitutional rights, and when this action occurred. He has failed to do so. Therefore, any supervisory claims against GEO defendants should be dismissed.

## CONCLUSION

Plaintiff has been given ample opportunity to file a viable complaint. He has been given extensions of time and twice been allowed to amend his complaint. He has previously been warned that if he failed to cure the noted deficiencies, the Court would recommend dismissal of

REPORT AND RECOMMENDATION - 19

this action.  Plaintiff has failed to respond to the Court's Orders in any meaningful way.  Accordingly, it is recommended that Plaintiff's First Amended Complaint be **dismissed without prejudice,** but that Plaintiff be granted leave to amend as to **Claims One, Two, Three, Five, and Seven (Retaliation, Due Process, Access to Courts) against GEO Defendants Moncivaise, Shelly, Sadler, Salere, and Jaramillo only.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 26, 2012,** as noted in the caption.

**DATED** this  9th   day of October, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 20