UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MILAUDI KARBOAU,<br><br>                        Plaintiff,<br>    v.<br><br>LOWELL CLARK, MACHOTTEN, GEORGE WIGGEN, JANSSEN SADLER, LEE JARAMELIO, DALE SHELLY, PORTER, JOSE MONCIVAISE, ERIC SMITH, SNYDER, HAUBIEL, OSMAN KOUNTA, MACARTHER, DE GRAAFT, MCCURDY, PAT LOVE, ALICIA SINGLETON, S. STEVENSON, U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, ERIC H. HOLDER, JANET NAPOLITANO, NEAL KLARK, JAMES BOENING, SAN MEGUEL, MASON, DE LA PAZ, and FUENTES,<br><br>                        Defendants. | No. C12-5045 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: May 24, 2013** |

Plaintiff is an ex-detainee of the Northwest Detention Center (NWDC), a federal immigration detention facility administered under contract by The GEO Group, Inc.[1] Plaintiff has been given four opportunities to cure several defects in his complaint. In its most recent Report and Recommendation, the Court recommended dismissal of the majority of Plaintiff's complaints without prejudice and without leave to amend, but allowed Plaintiff yet another opportunity to file an amended complaint as to Claims Two, Three, and Five of his Complaint.

---

[1] See http://www.thegeogroupinc.com/northamerica.asp?fid=105; http://www.ice.gov/pi/dro/facilities/tacoma.htm.

REPORT AND RECOMMENDATION - 1

In response, Plaintiff states that he is a victim, this Court has denied him counsel, and that he is unable to amend his claims because he is "illiterate on law." ECF No. 32. The Court recommends that Plaintiff's Second Amended Complaint be dismissed without prejudice, without further leave to amend.

## BACKGROUND

Plaintiff presented to this Court for filing a civil rights complaint under 42 U.S.C § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971). Plaintiff purported to sue several GEO employees in their personal and official capacities; several fellow NWDC detainees, the United States Department of Homeland Security (Homeland Security), the Immigration and Custom Enforcement (ICE), and several ICE employees in their personal and official capacities. ECF No. 5.

By Order dated February 17, 2012, Plaintiff was ordered to show cause why this matter should not be dismissed or, alternatively to file an amended complaint curing the deficiencies outlined in the Court's order. ECF No. 10. Plaintiff was given a deadline to amend or show cause by March 23, 2012. *Id.* On March 22, 2012, Plaintiff filed a motion for extension of time requesting a 60 day extension. ECF No. 12. He stated he needed additional time as he was also working on pending immigration deportation proceedings and was awaiting legal materials pertinent to his case from the American Bar Association. *Id.* The Court granted him an extension until May 22, 2012. ECF No. 13.

On May 22, 2012, Plaintiff requested another 90 day extension of time to respond to the Court's Order. ECF No. 14. Plaintiff stated that he was no longer in custody, was physically disabled, homeless, and without his documents for two weeks. ECF No. 14. The Court granted Plaintiff another extension, until July 6, 2012, to show cause or to file an amended

REPORT AND RECOMMENDATION - 2

complaint in this matter. ECF No. 15.

On July 14, 2012, after the deadline had passed, Plaintiff filed an Amended Complaint. ECF No. 16. The Amended Complaint was also deficient. However, the Court gave Plaintiff yet another opportunity to submit an amended complaint. Plaintiff timely submitted a First Amended Complaint. He failed to cure any of the deficiencies noted by the Court. The undersigned recommended that the First Amended Complaint be dismissed without prejudice. ECF No. 21. However, the undersigned also recommended, because he had arguably stated some viable § 1983 claims against certain GEO personnel, that Plaintiff be granted leave to submit an amended complaint as to those claims only. *Id.* The claims were identified as Claims One, Two, Three, Five and Seven (Retaliation, Due Process, Access to Courts) as to GEO Defendants Moncivaise, Shelly, Sadler, Salere, and Jaramillo only. The Court provided detailed guidance to the Plaintiff as to the sufficiency of these claims and filing his amended complaint. *Id.,* pp. 5-10.

The Report and Recommendation was adopted on October 30, 2012. ECF No. 23. On November 8, 2012, the Court set a deadline of November 30, 2012 for the filing of an Amended Complaint, setting forth only those claims that Plaintiff had been given leave to amend. ECF No. 24. On December 6, 2012, Plaintiff's motion for an extension of time was granted and his time to file an amended complaint extended to December 28, 2012. ECF No. 26.

On December 29, 2012, Plaintiff filed his amended complaint. ECF No. 27. With the exception of some additional superfluous language, this amended complaint was in all ways **identical** to the amended complaint (ECF No. 19) that this Court previously found to be deficient. For that reason, the undersigned recommended that the amended complaint be dismissed without further leave to amend, except as to a due process claim. ECF No. 28. The

REPORT AND RECOMMENDATION - 3

Report and Recommendation was adopted on March 27, 2013. ECF No. 30. The Court set a deadline of April 26, 2013 for the filing of the amended complaint in accordance with its latest orders. ECF No. 31. On April 27, 2013, Plaintiff filed his response stating that he is unable to comply. ECF No. 32.

The Court includes its previous discussion on the viability of Plaintiff's Second Amended Complaint (ECF No. 27).

## DISCUSSION

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (*citing* 5 C.WRIGHT & A.MILLER, FEDERAL PRACTICE AND PROCEDURE, s 1357 at 593 (1969)); *see also Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979). The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint

REPORT AND RECOMMENDATION - 4

are true." See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Under 42 U.S.C. § 1983, individuals acting under color of state law are liable for deprivations of any right or privileges secured by the Constitution and federal laws. "Federal officers acting under federal authority are immune from suit under § 1983 unless the state or its agents significantly participated in the challenged activity." *Gibson v. United States,* 781 F.2d 1334, 1343 (9th Cir. 1986).

*Bivens* actions are the judicially crafted counterparts to § 1983. *Bivens* actions enable victims to sue individual federal officers for damages resulting from violations of Constitutional rights. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). To prevail on a *Bivens* claim, a plaintiff must show (1) they were deprived of a right secured by the Constitution, and (2) the defendant acted under color of federal law. *Morgan v. United States,* 323 F.3d 776, 780 (9th Cir. 2003). A *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

The *Westfall* Act provides that a claim against the United States under the Federal Tort Claim Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA) is the "exclusive" remedy for plaintiffs seeking to recover damages for the "negligent or wrongful act or omission of any employee of the Government … acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The FTCA bars claimants from bringing suit in federal court until they have exhausted administrative remedies. *McNeil v. United States,* 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); 28 U.S.C. § 2675(a). Plaintiffs suing federal employees for tort

REPORT AND RECOMMENDATION - 5

violations may have their case dismissed if they have not taken their claim to the appropriate federal agency.

A.   **Homeland Security, ICE, and Fellow Detainees**

Plaintiff was advised, on at least three separate occasions, that a *Bivens* claim is not available against a federal agency or private actors. However, in his latest amendment, he includes identical claims against these entities and individuals. ECF No. 27, pp. 2-4. These claims against the Homeland Security, ICE, and fellow detainees Osman Kounta and Doe Fuentes were previously dismissed. ECF No. 21, p. 5; ECF No. 23.

B.   **Claims One, Two, Three, and Five (Retaliation, Due Process, Access to Courts) GEO Defendants Moncivaise, Shelly, Sadler, and Salere**

In these claims, Plaintiff alleges generally that Defendant Moncivaise retaliated against him by wrongfully infracting him and denying him access to courts. In the infraction hearing that followed on January 13, 2010, Plaintiff alleges that Defendants Shelly, Sadler, and Salere denied him due process by refusing to allow him to call witnesses. ECF No. 27, pp. 6-8. He also claims that he was denied due process at another infraction hearing where he was denied witnesses and was wrongfully placed in segregation in or around September and October 2010. *Id.*, pp. 8 and 9. The language in these claims is *identical* to that included in his previously amended complaint. ECF No. 19, pp. 6-8.

In its previous Report and Recommendation, the undersigned set forth in detail the insufficiency of Plaintiff's pleading on his claims of retaliation and access to courts and described what is required to state plausible retaliation and/or access to courts claims. ECF No. 21, pp. 8-10. The analysis will not be repeated here. Because Plaintiff was given guidance and an opportunity to amend his complaint to plead facts sufficient to state these causes of action but chooses not to do so, these claims should be dismissed without further leave to amend.

REPORT AND RECOMMENDATION - 6

With regard to Plaintiff's claim that he was denied due process because Defendants Shelley, Sadler, and Salere refused to allow him to call witnesses, the Court recommended that Plaintiff be allowed to amend his complaint to proceed against the individual GEO Defendants. ECF No. 21, p. 8.  Because this claim was considered to be the only possible viable claim stated by Plaintiff, the Court recommended that Plaintiff be given another opportunity to amend his complaint as to Defendants Shelley, Sadler, and Salere and include facts relating to the claims currently identified as Claims Two, Three, and Five in Plaintiff's latest amendment. ECF No. 27, pp. 7-9.  Plaintiff states that he is unable to do so.  ECF No. 32.  This claim should be dismissed.

**C.     Claim Four - Defendant Wiggen**

In this claim, Plaintiff asks that Defendant Wiggen be held responsible for affirming a hearing officer's opinion "without opinion." ECF No. 27, p. 8.  The claim was dismissed because Plaintiff failed to allege how affirming an officer's decision "without opinion" violates the federal constitution.  ECF No. 21, p. 10;  ECF No. 23.  The language in this claim is *identical* to that included in his previously amended complaint.  ECF No. 19, p. 8.  This claim was previously dismissed and Plaintiff has failed to allege additional facts from which a viable claim may be inferred.

**D.     Claims Six, Seven, Twelve and Thirteen (Equal Protection) GEO Defendants Snyder and Jaramillo**

Plaintiff alleges that Defendants Synder and Jaramillo failed to provide him with a box and lock to secure his personal belongings.  ECF No. 27, pp. 9, 10, 14-15.  He claims that this violated his right to equal protection.  Plaintiff again fails to state an equal protection claim because he does not allege facts establishing an intent or purpose to discriminate against him

REPORT AND RECOMMENDATION - 7

based upon his membership in a protected class. See *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).

In Claim Seven, Plaintiff again states that Defendant Jaramillo violated his right to equal protection by not providing him with a box and lock.  Here he also claims that he was wrongfully infracted and placed into segregation after entering into a disagreement with Defendant Jaramillo and that Defendant Shelly first found him not guilty, but then changed his mind and found him guilty and rescheduled a hearing.  However, it is still not clear from Plaintiff's pleading what constitutional violation he is complaining of as to which Defendant because the paragraph ends in the middle of a sentence.  *Id.*, p. 10.  To the extent that these allegations were meant to be a part of Plaintiff's equal protection claim, the Court previously advised that Plaintiff had failed to state a claim.  However, to the extent that Plaintiff meant to state a separate constitutional violation, the Court permitted Plaintiff leave to plead facts sufficient to state a claim.  ECF No. 21, p. 11.

Even though he was given guidance and leave to amend, Plaintiff submitted instead the *identical* deficient language (ECF No. 19, pp. 9, 10, 14).  These claims should be dismissed without further leave to amend.

**E.      Claim Eight (Wrongful Conviction) GEO Defendant Smith**

Plaintiff claims that on October 19, 2010, Defendant Eric Smith called him in for a "rehearing."  Plaintiff states that he refused to have another hearing, but he was found guilty and given time served.  On October 23, 2010, Plaintiff appealed Defendant Smith's guilty decision, the warden vacated the decision, and Plaintiff was released after serving ten days in segregation. ECF No. 27, p. 11.  These identical claims (ECF No. 19, pp. 10-11) were previously dismissed

REPORT AND RECOMMENDATION - 8

for failure to allege how Defendant Smith violated his constitutional rights.  ECF No. 21, p. 11; ECF No. 23.  In addition, Plaintiff was not given leave to amend this claim.

**F.     Claim Nine (Excessive Force) GEO Defendant Macarther; Claims Sixteen, Seventeen, Nineteen, and Twenty (Failure to Protect) GEO Defendants Haubiel, Jaramillo, McCurdy, and DeGraaft**

Plaintiff claims that on June 1, 2011, Officer Macarther used excessive force when he grabbed Plaintiff's wrist, twisted it behind Plaintiff's back and handcuffed Plaintiff.  ECF No. 27, pp. 11-12.  These identical claims (ECF No. 19, pp. 11-12) were previously dismissed.  ECF No. 21, pp. 11-12; ECF No. 23.  Plaintiff was not given leave to file an amended claim.  Where a federal prisoner seeks damages from privately employed personnel (GEO employees), working at a privately operated federal prison (the NWDC), where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving excessive force issue here), the prisoner must seek a remedy under state tort law. A *Bivens* remedy will not be implied in such a case. *See, Minneci v. Pollard,* --- U.S. ---, 132 S.Ct. 617 (2012).

For the same reasons, Plaintiff's claims of "unlawful protection" against GEO Defendants Haubiel, Jaramillo, McCurdy, and DeGraaft (Claims Sixteen, Seventeen, Nineteen, and Twenty) were also dismissed.  ECF No. 21, p. 12; ECF No. 23.

**G.     Claims Ten and Eleven (Denial of Access to Legal Documents) GEO Defendants Marrero and Portero**

Plaintiff alleges that while he was in segregation, Officer Marrero read his legal papers while labeling and inventorying them and then scattered the papers into several piles before refusing to give them to Plaintiff.  Plaintiff also alleges that Defendant Portero instructed all segregation officers that Plaintiff was not to be given his legal paperwork in his cell. Plaintiff received his documents ten days later when he left segregation.  ECF No. 27, pp. 12-14.

REPORT AND RECOMMENDATION - 9

These identical claims (ECF No. 19, pp. 12-14) were previously dismissed because Plaintiff failed to allege how such confiscation denied him meaningful access to the courts or in fact, that he suffered any injury from the alleged conduct.  He alleges that when his papers were returned he "found other documents missing" but he does not identify the missing documents or allege that he took any steps to have those documents returned.  These claims were previously dismissed.  ECF No. 21, pp. 11-12; ECF No. 23.  Plaintiff has plead no additional facts from which a viable claim may be inferred.  Plaintiff was not given leave to amend this claim.

**H.     Claim Fourteen (Fourth and Fifth Amendment) GEO Defendant Shelly**

This claim is duplicative of Claim Five discussed above.  The identical claim (ECF No. 19, p. 15) was previously dismissed.  ECF No. 21, p. 13; ECF No. 23.

**I.     Claim Fifteen (Unlawful Conviction) GEO Defendant Smith**

This claim, set forth at ECF No. 27, pp. 16, is duplicative of Claim Eight discussed above.  The identical claim (ECF No. 19, pp. 15-16) was previously dismissed.  ECF No. 21, p. 13; ECF No. 23.

**J.     Claim Eighteen (Failure to Protect) ICE Defendants San Meguel, Mason, De LaPaz, and Boening**

Plaintiff alleges that he contacted Defendant San Meguel, an ICE agent, to complain that a fellow detainee was spreading rumors that Plaintiff is a rapist and child molester.  ECF No. 27, pp. 18-19.  Plaintiff states that Defendant San Meguel told Plaintiff that it is GEO's responsibility to take care of the issue.  When Plaintiff called the DHS hot-line, he was similarly told that the matter was GEO's responsibility.  Plaintiff wrote a two page complaint letter to the Hot-Line and sent copies to Defendants San Meguel, Mason, DeLaPaz, and Boening.  *Id.*, p. 18.

This identical claim (ECF No. 19, pp. 17-18) was previously dismissed because Plaintiff failed to allege how any of the ICE agents named in this claim violated a right secured to him by

REPORT AND RECOMMENDATION - 10

the Constitution of the United States.  Plaintiff merely alleged that Defendant San Meguel referred him to GEO, the agency that San Meguel apparently thought was responsible for such complaints, and that the other Defendants may have received copies of a complaint letter that Plaintiff sent to the DHS hot-line.  This is not sufficient to state a cause of action against these federal employees.  This claim was previously dismissed.  ECF No. 21, p. 14; ECF No. 23.  Plaintiff has plead no additional facts from which a viable claim may be inferred.  Plaintiff was not given leave to amend this claim.

**K.     Claim Nineteen (Failure to Protect) GEO Defendants McCurdy and Haubiel**

The allegations in this claim, set forth in ECF No. 27, p. 19, are part of the same issue raised in Claim Sixteen discussed above.  The identical claim (ECF No. 19, p. 18) was previously dismissed by the Court pursuant to *Minneci v. Pollard,* --- U.S. ---, 132 S.Ct. 617 (2012).  ECF No. 21, p. 14; ECF No. 23.

**L.     Claim Twenty-One (Failure to Protect) ICE Defendant Lawton**

Plaintiff purports to sue ICE agent Eric Lawton for failing to protect him from a fellow detainee who assaulted him.  However, he alleges only that Defendant Lawton did not report the incident with the Tacoma Police Department and told Plaintiff that neither GEO nor ICE were responsible for pursuing his claim.  Plaintiff does not allege that Defendant Lawton did not, in fact, fail to protect him from the assault.  Rather, he is alleging that he went to Defendant Lawton after the fact and is unhappy that Defendant Lawton would not pursue a criminal and/or state court tort claim against a fellow detainee on his behalf.   ECF No. 27, pp. 21-22.

This identical claim (ECF No. 19, pp. 20-21) was previously dismissed because Plaintiff had failed to state a violation of a federal constitutional right.  ECF No. 21, pp. 14-15; ECF No.

REPORT AND RECOMMENDATION - 11

23. Plaintiff has plead no additional facts from which a viable claim may be inferred. Plaintiff was not given leave to amend this claim.

**M.     Claims Twenty-Two, Twenty-Three, and Twenty-Four**

These claims, set forth at ECF No. 27, pp. 22-25, are duplicates of claims nine, ten, and eleven. These identical claims (ECF No. 19, pp. 22-24) were previously dismissed. ECF No. 21, p. 15; ECF No. 23.

**N.     Claim Twenty-Five (Misclassification) GEO Defendant Singleton**

Plaintiff alleges that GEO Defendant Singleton misclassified him as a Level 3 detainee. ECF No. 27, pp. 25-27. Plaintiff alleges that his conviction is not final and that it is not for a violent crime. *Id.*, p. 26. The identical claim (ECF No. 19, pp. 24-26) was previously dismissed because Plaintiff has no liberty interest in his classification status. *See, e.g., Hernandez v. Johnson*, 833 F.2d 1316, 1318 (9th Cir.1987); *see also, Kyei v. Beebe*, 121 Fed.Appx. 689 (9th Cir. 2005)(citing *Bell*, 441 U.S. 539-40 & n. 23) (classification of BCIS detainees as medium security reasonably related to legitimate government purposes of maintaining security and managing an institution). Plaintiff did not allege that any regulations at issue are invalid. Although he clearly disagrees with his classification level, he has failed to state how this violates a federal constitutional right. ECF No. 21, pp. 15-16; ECF No. 23. Plaintiff has plead no additional facts from which a viable claim may be inferred. Plaintiff was not given leave to amend this claim.

**O.     Claim Twenty-Six (Failure to Process Grievance) GEO Defendant Stevenson**

In this claim, Plaintiff states that Defendant Stevenson rejected a grievance that Plaintiff filed against Defendant Singleton and that Defendant Stevenson previously "denied multiple other grievances." ECF No. 27, p. 27.

REPORT AND RECOMMENDATION - 12

The identical claim (ECF No. 19, p. 26) was previously dismissed because Plaintiff failed to allege facts to support a claim of denial of access to courts and/or retaliation. ECF No. 21, pp. 16-17. He merely alleges that Defendant Stevenson failed to uphold his grievance and an allegation that personnel at NWDC either denied or failed to process grievances properly are not cognizable under § 1983 and/or *Bivens. Id.,* p. 17. Plaintiff has plead no additional facts from which a viable claim may be inferred. Plaintiff was not given leave to amend this claim.

**P.     Claim Twenty-Seven (Deprivation of Recreation) "GEO/ICE Defendants"**

Plaintiff alleges that from October 1, 2009 until his release on April 26, 2012, he was denied fresh air, blue sky and sunshine, and exercise equipment. He sues generally unnamed "GEO/ICE Defendants" collectively and claims that these conditions "affected and worsened [his] health and mind." ECF No. 27, pp. 27-28. Plaintiff's identical claim (ECF No. 19, pp. 26-27) was previously dismissed because (1) he failed to name any responsible individuals who have caused him constitutional harm; (2) even assuming he were able to allege conditions of confinement rising to the level of deliberate indifference sufficient to state an Eighth Amendment claim, any such claim against any GEO Defendant will have to be dismissed pursuant to *Minneci v. Pollard,* --- U.S. ---, 132 S.Ct. 617 (2012); and (3) the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, provides the exclusive remedy for tortious conduct by a United States agency or employee in the scope of his or her employment. See *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir.1998); *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir.1998). ECF No. 21, pp. 17-18.

This claim was previously dismissed. ECF No. 21, pp. 17-18; ECF No. 23. Plaintiff has plead no additional facts from which a viable claim may be inferred. Plaintiff was not given leave to amend this claim.

REPORT AND RECOMMENDATION - 13

**Q.     Claim Twenty-Eight - Official Capacity and Supervisory Employees**

Plaintiff purports to sue federal employees in their official and supervisory capacities. He cannot do so under *Bivens*. He also purports to sue GEO defendants in their supervisory capacities but provides no factual allegations to support any such action. In Claim 28 of his First Amended Complaint, Plaintiff refers to Defendants Clark, Machotten, the "latest and current GEO warden and associate warden, and ICE employees". ECF No. 27, p. 28. He alleges generally that these two individuals and various unnamed individuals were "repeatedly informed" of "misconducts by stuff defendants as stated above and did nothing to protect Plaintiff." *Id.*

These claims were previously dismissed because a *Bivens* action may only be maintained against federal agents in their individual capacities. *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir.2007); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir.1991); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir.1996). ECF No. 21, pp. 18-19.

In addition, all supervisory claims against GEO Defendants were dismissed because of Plaintiff's continued failure to state what action each named individual took or did not take to violate his constitutional rights, and when this action occurred. ECF No. 21, p. 19. Plaintiff has failed to plead additional facts from which a viable claim may be inferred. Plaintiff was not given leave to amend this claim.

## CONCLUSION

Plaintiff has been given ample opportunity to file a viable complaint. He has been given extensions of time and was given four opportunities to amend his complaint. He was previously warned that if he failed to cure the noted deficiencies, the Court would recommend dismissal of

REPORT AND RECOMMENDATION - 14

this action.  Plaintiff states that he is unable to comply with the Court's Order.  ECF No. 32.  Accordingly, it is recommended that Plaintiff's Second Amended Complaint (ECF No. 27) be **dismissed without prejudice,** without leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 24, 2013,** as noted in the caption.

**DATED** this  6th  day of May, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 15